## THE CENTRAL RAILROAD *vs.* FLOURNOY, trustee.

A railroad company as such must be sued in the county of its principal place of business, or in a county where there is jurisdiction by reason of the subject-matter and the locality of the cause of action. If the railroad company, as the lessee of another, has caused damage to a person, ample provision is made. for suing it as such. Code, §3406.

(a.) Where suit was brought against the Central Railroad in Houston county, the declaration alleging that, by obstructing the flow of the waters of a creek, it had caused back-water, which worked injury to the plaintiff, and on the trial, the evidence showed that it was the embankment and culvert of the Southwestern Railroad which were located at the point where the damage was alleged to be, a non-suit should have been awarded. 53. *Ga.*, 501.

October 24, 1882.

CRAWFORD, Justice.

## WEST *et al. vs.* JONES *et al.*

A motion for new trial was perfected in term time, and a consent order taken allowing it to be heard in vacation, at such time and place as the judge might designate between the then pending March term and the first of August following. The judge designated a time and place. Counsel for respondent stated that he did not wish to be heard. Counsel for movant sent for the papers. At the appointed time, the clerk failed to send the motion. Counsel for movant notified him of the fact; but the papers having been mislaid, did not reach counsel until the judge had left the place. Counsel for movant then asked the judge, by letter, to continue the case until the next term, which was done. At the next term the presiding judge was disqualified from hearing the motion, and no action was taken on it. At the next term thereafter it was called :

*Held,* that the delay in obtaining a hearing did not result from the *laches* of movant or his counsel, and a motion to dismiss the motion for new trial was properly overruled.

September 26, 1882.

JACKSON, Chief Justice.